UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MEDITERRANEAN SHIPPING COMPANY
(USA) INC.,

                               Plaintiff,

    -against-

HUATAI USA LLC, et al.,

                               Defendants.
------------------------------------------------------------- x

**ORDER DISMISSING COMPLAINT WITH LEAVE TO REPLEAD**

19 Civ. 10756 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Mediterranean Shipping Company (USA) Inc. ("Plaintiff") claims that it transported cargo for the benefit of Huatai USA LLC, Paper Sales USA Inc., and Recycling Paper Partners of PA LLC (collectively, "Defendants"), and Defendants have failed to pay amounts due under various contracts. Plaintiff brought this action seeking to recover a total of $64,424.49. Plaintiff does not attach the contracts, reference any contractual provision other than a jurisdictional clause in a bill of lading, or show when and under what circumstances it transported cargo. Instead, Plaintiff attaches a summary chart containing invoice dates and numbers, client account names and numbers, and remaining principal balances.

        The essence of Plaintiff's complaint is that Defendants failed to fulfill their payment obligations under shipping contracts.[1] "[A] complaint in a breach of contract action

---

[1] The contracts at issue here are maritime contracts. "When a contract is a maritime one, and the dispute is not inherently local, federal law controls the contract interpretation." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 22-23 (2004). "[O]nce a contract has been deemed a maritime contract, the next step is determining whether a specific state's laws should be used to *supplement* any area of contract law for which federal common law does not provide." *Williamson v. Recovery Ltd. P'ship*, 541 F.3d 43, 49 (2d Cir. 2008); *see also Guarascio v. Drake Assocs. Inc.*, 582 F. Supp. 2d 459, 461 n.1 (S.D.N.Y. 2008) ("Where maritime law is silent, state law supplements the maritime law."). Taking into account the "points of contact between the transaction [giving rise to the cause of action] and the states or governments whose competing laws are involved," *N. Am. Foreign Trading Corp. v. Mitsui Sumitomo*

1

must set forth the terms of the agreement upon which liability is predicated." *Window Headquarters, Inc. v. MAI Basic Four, Inc.*, No. 91 Civ. 1816, 1993 WL 312899, at *3 (S.D.N.Y. Aug. 12, 1993). Plaintiff's complaint fails to do so. Therefore, Count II, Plaintiff's claim for breach of contract, is dismissed without prejudice to repleading with sufficient specificity regarding the contractual violations at issue.

Count I is for money due under tariff and/or service contracts. Though not cited in the complaint or discussed in Plaintiff's brief, it is possible that Plaintiff attempts to bring this claim under the Shipping Act, 46 U.S.C. § 41102(a). That statute states:

> A person may not knowingly and willfully, directly or indirectly, by means of false billing, false classification, false weighing, false report of weight, false measurement, or any other unjust or unfair device or means, obtain or attempt to obtain ocean transportation for property at less than the rates or charges that would otherwise apply.

46 U.S.C. § 41102(a). The Second Circuit has held that there is a private right of action under this statute. *Prince Line v. Am. Paper Exports*, 55 F.2d 1053, 1055-56 (2d Cir. 1932). Plaintiff has failed to plead Defendants' use of any "false billing, false classification, false weighing, false report of weight, false measurement, or any other unjust or unfair device or means" employed by Defendants. *See United States v. Peninsular & Occidental S.S. Co.*, 208 F. Supp. 957, 958 (S.D.N.Y. 1962) (finding that provision requires some "act of concealment"). To the extent this claim is for breach of Defendants' obligations under their contracts with Plaintiff, it is duplicative of the breach of contract claim and suffers from the same infirmity, that is, failure to reference the relevant contracts. Count I is dismissed without prejudice.

In addition to the contract-based claims, Plaintiff brings quasi-contractual claims for unjust enrichment and quantum meruit. According to Plaintiff's allegations, Defendants owe

---

*Ins. USA, Inc.*, 499 F. Supp. 2d 361, 372-73 (S.D.N.Y.), I incorporate New York law where federal maritime law is silent on an issue.

2

the full $64,424.49 under the terms of express contracts. Defendants correctly note that quasi-contractual relief "is unavailable where an express contract covers the subject matter." *City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 48 (1988). Since Plaintiff has alleged that Defendants' obligation to pay arises from breach of contract, albeit insufficiently, there is no basis for quasi-contractual relief. *But see Franze v. Bimbo Foods Bakeries Distribution, LLC*, No. 17-cv-03556, 2019 WL 1244293, at *2 (S.D.N.Y. Mar. 15, 2019) (finding it would be premature to dismiss unjust enrichment claim before ruling on validity of contracts).

Plaintiff may plead a claim for account stated as an alternative to a breach of contract claim. *Trend & Style Asia KH Co Ltd. v. Pac. Worldwide, Inc.*, No. 14–cv–9992, 2015 WL 4190746, at *5-6 (S.D.N.Y. July 10, 2015). Nonetheless, Plaintiff here fails to plead sufficiently a claim for account stated. To plead a claim for account stated, a plaintiff must allege that "(1) an account was presented, (2) it was accepted as correct, and (3) debtor promised to pay the amount stated." *Liddle & Robinson, LLP v. Garrett*, 720 F. Supp. 2d 417, 426 (S.D.N.Y. 2010). Plaintiff alleges that it sent Defendants invoices, but it fails to allege that Defendants explicitly or implicitly accepted the accounts as correct or promised to pay the amounts stated. *See Garcia v. Spanish Broad. Sys., Inc.*, No. 92 Civ. 7694, 1993 WL 177936, at *3 (S.D.N.Y. May 17, 1993) (dismissing without prejudice account stated claim where "[t]here is no allegation in the Complaint that an account was presented to defendants or admitted by them to be correct"). The account stated claim is dismissed without prejudice.

Plaintiff's claim for attorneys' fees is dismissed without prejudice. Plaintiff asserts in its opposition brief that the relevant contracts expressly provide for attorneys' fees, but the complaint fails to reference those provisions. Thus, the claim for attorneys' fees must be dismissed for similar reasons as the breach of contract claim. *See Ostrolenk Faber LLP v.*

3

*Unigene Labs., Inc.*, 12 Civ. 3991, 2012 WL 3114742, at *3 (S.D.N.Y. Aug. 1, 2012) (dismissing claim for attorneys' fees where complaint failed to cite contract or statute providing for fees).

In conclusion, all of Plaintiff's claims are dismissed without prejudice. Plaintiff may file an amended complaint consistent with this order within 14 days. The Clerk is directed to terminate the open motion (ECF No. 7).

SO ORDERED.

Dated: New York, New York
February 27, 2020

ALVIN K. HELLERSTEIN
United States District Judge