```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                 :
MEDITERRANEAN SHIPPING COMPANY                                   :   ORDER GRANTING IN PART
(USA) INC.,                                                      :   AND DENYING IN PART
                                                                 :   MOTION TO DISMISS
                                          Plaintiff,             :
                                                                 :   19 Civ. 10756 (AKH)
            -against-                                            :
                                                                 :
HUATAI USA LLC, et al.,                                          :
                                                                 :
                                          Defendants.            :
---------------------------------------------------------------- x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Mediterranean Shipping Company (USA) Inc. ("Plaintiff") brought this suit against Huatai USA LLC, Paper Sales USA Inc., and Recycling Paper Partners of PA LLC (collectively, "Defendants"), alleging that Defendants failed to pay money due under shipping contracts. Defendants now move pursuant to Rule 12(b)(6) to dismiss two of Plaintiff's six claims. Defendants' motion is granted in part and denied in part.

## BACKGROUND

        Plaintiff alleges that it shipped cargo for Defendants' benefit, that it rendered bills of lading and invoices to Defendants, and that Defendants have yet to pay $74,789.49 in charges. Plaintiff brings claims for "money due under tariff and/or service contracts" ("Count I"), breach of contract ("Count II"), unjust enrichment ("Count III"), quantum meruit ("Count IV"), account stated ("Count V"), and attorneys' fees ("Count VI").

        I previously dismissed the complaint with leave to replead. ECF No. 17 ("Dismissal Order"). As relevant to the present motion, I dismissed Count I, which purportedly arises under the Shipping Act, because Plaintiff failed to allege that Defendants used any "false

1

billing, false classification, false weighing, false report of weight, false measurement, or any other unjust or unfair device or means" to obtain shipping at less-than-applicable rates. *See* 46 U.S.C. § 41102(a).  I dismissed Count V, the account stated claim, because Plaintiff failed to allege that Defendants accepted the accounts as correct or promised to pay the amounts stated. *See Garcia v. Spanish Broad. Sys., Inc.*, No. 92 Civ. 7694, 1993 WL 177936, at *3 (S.D.N.Y. May 17, 1993).

As permitted by the Dismissal Order, Plaintiff filed an amended complaint.  ECF No. 18 ("Amended Complaint").  Defendants now move to dismiss Counts I and V only, arguing the Amended Complaint fails to correct infirmities identified in the Dismissal Order.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "draw all reasonable inferences in Plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).

**I.    Count I for Violation of the Shipping Act**

As to Count I, the Shipping Act states:

> A person may not knowingly and willfully, directly or indirectly, by means of false billing, false classification, false weighing, false report of weight, false measurement, or any other unjust or unfair device or means, obtain or attempt to obtain ocean transportation for property at less than the rates or charges that would otherwise apply.

46 U.S.C. § 41102(a). As discussed in the Dismissal Order, violation of the statute requires "an act of concealment." *United States v. Peninsular & Occidental S.S. Co.*, 208 F. Supp. 957, 958 (S.D.N.Y. 1962); *see also United States v. Atlantica, S.P.A.*, 478 F. Supp. 833, 834-35 (S.D.N.Y. 1979) (describing false billing scheme under parallel provision of Shipping Act). Plaintiff amended its complaint by adding a recitation of some of the elements under 46 U.S.C. § 41102(a). *See* Am. Compl. ¶ 7 (alleging that, "[b]y failing to pay the charges in [Plaintiff]'s tariffs or service contracts, Defendants have obtained transportation or attempted to obtain transportation of cargo at lesser rates, in violation of the Shipping Act"). However, Plaintiff still fails to make even a passing reference to any act of concealment or any device constituting a "false billing, false classification, false weighing, false report of weight, false measurement, or any other unjust or unfair device or means." 46 U.S.C. § 41102(a). Thus, the Amended Complaint is deficient for the same reason identified in the Dismissal Order.

Therefore, Count I is dismissed. Because, in two complaints and two opportunities to brief the issue, Plaintiff has failed to identify any facts suggesting it can plead this element of a claim for violation of the Shipping Act, the dismissal is with prejudice. *See In re Lehman Bros. Mortg.-Backed Secs. Litig.*, 650 F.3d 167, 188 (2d Cir. 2011) (denial of leave to amend was not abuse of discretion where plaintiffs "fail[ed] to identify new facts that might redress the complaints' noted deficiencies").

## II. Count V for Account Stated

To state a claim for account stated, "a plaintiff must plead that (1) an account was presented, (2) it was accepted as correct, and (3) debtor promised to pay the amount stated." *Liddle & Robinson, LLP v. Garrett*, 720 F. Supp. 2d 417, 426 (S.D.N.Y. 2010) (internal quotation marks omitted). "The latter two elements—acceptance as correct and a promise to pay

the amount stated—are implied where a defendant receives and retains invoices without objecting to them in a reasonable period of time." *Id.*  Plaintiff alleges that it issued the relevant bills of lading and invoices to Defendants, Defendants accepted them as correct and promised to pay, and Defendants owe $74,789.49.  Defendants argue that the claim is duplicative of the breach of contract claim because it relies on the same facts.  Defendants' motion to dismiss on this basis is denied.

While Plaintiff may not ultimately recover the same damages twice, it may maintain both theories at this stage, where the Court has not yet ruled on the validity of any contract.  *See Trend & Style Asia HK Co. Ltd. v. Pac. Worldwide, Inc.*, No. 14–cv–9992, 2015 WL 4190746, at *5-6 (S.D.N.Y. July 10, 2015).  Additionally, the breach of contract claim is distinct because it includes an additional category of damages in the form of attorneys' fees.  "Where a claimant is entitled to a particular category of damages on one claim but not the other, the claims are not duplicative."  *NetJets Aviation, Inc. v. LHC Comms., LLC*, 537 F.3d 168, 175 (2d Cir. 2008).  Plaintiff alleges that the relevant contracts provide for recovery of attorneys' fees, *see* Am. Compl. ¶ 17, while recovery for an account stated generally does not include attorneys' fees, *see NetJets Aviation*, 537 F.3d at 175.  "[W]hen a party has both a claim for account stated and a claim under a contract that provides for an award of attorneys' fees, the claims for breach of contract and account stated are not duplicative."  *Id.*; *see also New Am. Mktg. FSI LLC v. MGA Entm't, Inc.*, 187 F. Supp. 3d 476, 482 (S.D.N.Y. 2016) (finding account stated claim was not duplicative of breach of contract claim where contract allowed for attorneys' fees and prejudgment interest).

4

## CONCLUSION

In conclusion, Defendants' motion is granted in part and denied in part. Count I is dismissed, while Count V and all other counts not challenged on this motion will remain. The Clerk is directed to close the open motion, ECF No. 24. Defendants shall answer the Amended Complaint by September 7, 2020, and the parties shall appear for a status conference on September 11, 2020, at 10:00 a.m. The parties may not make additional motions unless discussed at the conference and authorized by the court.

        SO ORDERED.

| | | |
|---|---|---|
| Dated: | New York, New York |    /s/ Alvin K. Hellerstein |
| | August 17, 2020 | ALVIN K. HELLERSTEIN |
| | | United States District Judge |